# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 10 2020, 9:30 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jessica L. Richert
Richmond, Indiana

ATTORNEY FOR APPELLEE

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Andre Glenn,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 10, 2020<br><br>Court of Appeals Case No.<br>20A-CR-64<br><br>Appeal from the Wayne Circuit Court<br><br>The Honorable David A. Kolger, Judge<br><br>Trial Court Cause No.<br>89C01-1708-F4-31 |

**Mathias, Judge.**

[1] Andre Glenn ("Glenn") was convicted in Wayne Circuit Court of Level 4 felony possession of a firearm by a serious violent felon. He appeals his five-year sentence arguing that it is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

## Facts and Procedural History

On August 1, 2017, during a traffic stop, law enforcement officers discovered a handgun in Glenn's vehicle. Glenn did not have a license for the handgun, and law enforcement also determined that Glenn had a prior attempted murder conviction. On August 3, 2017, Glenn was charged with Level 4 felony possession of a firearm by a serious violent felon.

On August 26, 2019, Glenn pleaded guilty in open court without the benefit of a plea agreement. Glenn's sentencing hearing was held on November 14, 2019.

At sentencing, Glenn told the trial court that he was the victim of burglary and attempted murder in 2016, and that he still receives threats from individuals associated with his assailants. As a result, he moved from Gary to Richmond, Indiana. He admitted to feeling paranoid about his and his family's safety, which is the reason he possessed the handgun. Also, Glenn's employer testified on his behalf and described him as an "exemplary employee" who is "kind to others." Tr. p. 20. His employer stated that he had intended to promote Glenn. Tr. p. 24.

While he was out on bond for this offense, Glenn was arrested for conversion and resisting arrest. He pleaded guilty to conversion, and the resisting charge was dismissed. Glenn's prior criminal history also consists of attempted murder, misdemeanor carrying a handgun without a license, misdemeanor false

informing, and a probation violation. He also had juvenile adjudications for burglary and conversion.

[7] The trial court considered Glenn's prior criminal history and commission of a criminal offense while he was out on bond in this case as aggravating circumstances. Tr. pp. 47–48. The court considered Glenn's guilty plea as a mitigating circumstance but noted that the case pended for two years and his jury trial was scheduled to begin just two weeks after he pleaded guilty. The court also considered Glenn's fear for his safety after he was the victim of a crime as a mitigating circumstance. After weighing the aggravators and mitigators, the trial court ordered Glenn to serve five years executed in the Department of Correction for his Level 4 felony possession of a firearm by a serious violent felon conviction. Glenn appeals his sentence.

## Discussion and Decision

[8] Pursuant to Indiana Appellate Rule 7(B), "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We must exercise deference to a trial court's sentencing decision because Rule 7(B) requires us to give due consideration to that decision, and we understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Rose v. State*, 36 N.E.3d 1055, 1063 (Ind. Ct. App. 2015). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's

character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[9] The determination of whether we regard a sentence as inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). The appropriate question is not whether another sentence is more appropriate, but whether the sentence imposed is inappropriate. *Rose*, 36 N.E.3d at 1063.

[10] Although we have the power to review and revise sentences, the principal role of appellate review should be to attempt to "leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell*, 895 N.E.2d at 1225. Our review under Rule 7(B) should focus on "the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* And it is the defendant's burden on appeal to persuade us that the sentence imposed by the trial court is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[11] Glenn was convicted of Level 4 felony possession of a firearm by a serious violent felon. Indiana Code section 35-50-2-5.5 provides that "[a] person who commits a Level 4 felony shall be imprisoned for a fixed term of between two

(2) and twelve (12) years, with the advisory sentence being six (6) years." Glenn's five-year sentence is one year less than the advisory sentence for a Level 4 felony. Glenn argues that his sentence should be reduced and/or he should be sentenced to serve a portion of his sentence in home detention or probation.

[12] Concerning the nature of his offense, Glenn correctly observes that his offense did not cause damage to property or injury to any person. Glenn admits, as he did to the trial court, that he made a poor choice in obtaining a handgun when his prior felony conviction prevented him from doing so legally. We agree that there is nothing aggravating in the circumstances surrounding Glenn's offense.

[13] Glenn also argues that his five-year sentence is inappropriate in light of his character because he accepted responsibility for his crime, he expressed remorse, and he had stable employment. The trial court noted his expression of remorse and commended Glenn for respectful behavior toward law enforcement officers and court personnel. Glenn's exemplary employment for his most recent employer also reflects well on his character.

[14] Glenn has been surrounded by violence most of his life. In 2016, he was the victim of a crime and continued to fear for his safety. Smartly, Glenn moved his family from Gary to Richmond because of the continued threats toward his life. But Glenn is a serious violent felon, and his fear for his safety does not justify his decision to illegally carry a handgun.

Furthermore, Glenn's criminal history is not insignificant. Most troubling to the trial court, Glenn committed conversion while he was out on bond for this offense. And even though Glenn pleaded guilty to that offense, his recitation of the offense to the trial court minimized his culpability.

The trial court weighed all of these circumstances and imposed a five-year sentence, which is one year less than the advisory sentence for a Level 4 felony. Despite facts that reflect well on Glenn's character, in light of his criminal history and his commission of an additional offense while out on bond in this case, we conclude that Glenn has not met his burden of persuading us that his five-year sentence is an outlier that warrants revision by our court.

## Conclusion

For all of these reasons, we conclude that Glenn's five-year sentence is not inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

Riley, J., and Tavitas, J., concur.